UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:05CV-186-R

SHARON MITCHELL                                                    PLAINTIFF

v.

LIBERTY MUTUAL LIFE ASSURANCE COMPANY and
SCI MANAGEMENT CORPORATION                              DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court on cross-motions of Defendant SCI Management

Corporation and Plaintiff Sharon Mitchell for summary judgment(Dkt. Nos. 14 and 17).  This

matter is now ripe for adjudication.  For the reasons that follow, the Court **GRANTS** the

Defendant's motion and **DENIES** the Plaintiff's.

## BACKGROUND

Plaintiff Sharon Mitchell filed this action for judgment against Liberty Mutual Life

Assurance Corporation ("Liberty Mutual") and SCI Management Corporation ("SCI

Management") for allegedly wrongful termination of long-term disability benefits that had

previously been paid to her under a group disability plan sponsored by her employer ("Plan").

The Plan is governed by the Employee Retirement Income Security Act of 1974 (29 USC §§

1001 *et. seq.*) ("ERISA").  On December 2, 2005, Plaintiff filed a motion seeking summary

judgment on her claims.[1]  On January 12, 2005, SCI Management responded to Plaintiff's

---

[1]The Court notes that a substantive review of Mitchell's claims under the Plan would be
governed by the procedure set forth in *Wilkins v. Baptist Healthcare Systems, Inc.* 150 F.3d 609,
617 (6th Cir. 1998), not the traditional summary judgment standard.

motion, and filed its cross-motion seeking summary judgment.  On January 25, 2006, the Court

entered an agreed order dismissing Plaintiff's claims against Liberty Mutual, as well as Liberty

Mutual's claims against Plaintiff, with prejudice as a result of a settlement agreement between

those two parties.  Mitchell's claims against SCI Management, then, are the only ones that

remain in the case.

Mitchell worked as an assistant Sales Manager for a funeral services company in Virginia

named SCI Virginia Funeral Services, Inc. (d/b/a Mt. Comfort Cemetery) ("SCI Virginia").  SCI

Virginia is an indirect subsidiary of Service Corporation International.  SCI Management

(corporate name SCI Funeral & Cemetery Purchasing Cooperative, Inc.) is also an indirect

subsidiary of Service Corporation International.  It has a contract to provide SCI Virginia with

human resources, legal, accounting and financial advice.  Both SCI Management and SCI

Virginia were sponsors of the ERISA plan in question.  Liberty Mutual issued and administered

the plan; under the terms of the plan, sole discretion to grant or deny benefits rested with Liberty

Mutual.

## DISCUSSION

SCI Management's summary judgment motion rests on the grounds that it cannot be

liable to Mitchell under ERISA because, although it sponsored the plan in question, it was not

her employer and in any case played no role in the decision to terminate her benefits.  Because

the Court agrees, it is unnecessary to reach the substance of Plaintiff's summary judgment

motion (namely, the issue of whether the termination of her benefits violated ERISA).

From the corporate structure outlined above, it does not appear that SCI Management

could be considered Plaintiff's employer.  Even if it were, however, well-established Sixth

Circuit precedent indicates that "[u]nless an employer is shown to control administration of a

plan, it is not a proper party defendant in an action concerning benefits." *Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (*citing Boyer v. J.A. Majors Company Employees' Profit Sharing Plan*, 481 F.Supp. 454, 457-58 (N.D. Ga. 1979)) (6th Cir. 1988).  Although SCI Management was a sponsor of the Plan, no language in the Plan contemplates a role for the sponsors in making benefit determinations.  Rather, the policy provides in Section 7 that "Liberty shall possess the authority, in its sole discretion, to construe the terms of this policy and to determine benefit eligibility hereunder.  Liberty's decisions regarding construction of the terms of this policy and benefit eligibility shall be conclusive and binding."  (Policy, Attachment # 1 to Dkt. # 14, at 33). Plaintiff has presented no evidence to suggest that SCI Management played any role in her benefits determination.  Therefore, it is not a proper defendant in this action.

## CONCLUSION

For the reasons outlined above, the Defendants' motion for summary judgment is **GRANTED**.  Plaintiff's motion for summary judgment is **DENIED**.  The case shall be **DISMISSED**.  An appropriate order shall issue.